Lemke v. First Nat. Bank, 190 Wis. 223.

LEMKE, Appellant, vs. FIRST NATIONAL BANK OF APPLE-
TON and another, Respondents.

*April 9—May 11, 1926.*

*Banks: Statements of officers regarding investments: Liability of
bank: Advising purchase of corporation stock: Conspiracy:
Evidence: Sufficiency.*

1. A bank is not responsible for statements made by its officers
   in response to inquiries as to investments in which the bank
   has no interest as owner or as selling agent.  p. 224.
2. The fact that the proceeds of a sale of stock which the bank
   cashier advised plaintiff to purchase were applied on an
   obligation which the seller owed the bank, did not render the
   bank liable for the statements of its cashier, he having no
   express or implied authority to give advice as to the value
   of securities.  p. 224.
3. A large loss sustained by the bank through the failure of a
   corporation whose stock the cashier advised plaintiff to pur-
   chase is cogent evidence that the bank believed and acted
   upon its statements to others regarding the stock; and a
   careful review of the testimony discloses no proof warrant-
   ing a finding of liability against either the bank or its pres-
   ident on the ground of conspiracy.  p. 225.

APPEAL from a judgment of the circuit court for Outa-
gamie county: EDGAR V. WERNER, Circuit Judge.  *Af-
firmed.*

This was an action against the *First National Bank of
Appleton* and *R. S. Powell,* its president, to recover $31,500
paid by appellant for stock in the N. Simon Cheese Com-
pany purchased by appellant.  The appellant alleges that he
was induced to purchase the stock by false representations
made by the cashier of the defendant bank, and also alleges
that the defendant bank and the defendant *Powell* partici-
pated in a conspiracy to induce persons by fraudulent meth-
ods and representations to purchase the Simon Cheese Com-
pany stock, and that as a result of this conspiracy appellant
was induced to purchase the stock here in question.

At the close of the testimony the court directed a verdict for the defendants. From the judgment entered on the verdict this appeal was taken.

For the appellant there were briefs by *Charles E. Carpenter* of Chicago and *Clifton Williams* and *Hoyt, Bender, McIntyre & Hoyt* of Milwaukee, and oral argument by *Mr. E. L. McIntyre* and *Mr. Carpenter.*

For the respondents there was a brief by *Minahan, Minahan, Minahan & Duquaine* of Green Bay and *J. P. Frank* of Appleton, and oral argument by *Victor I. Minahan.*

STEVENS, J. The court has carefully reviewed the voluminous testimony taken in the case and is satisfied that there is no proof which would warrant a jury in finding either the bank or its president liable in this action.

The case falls clearly within the rule of *De Swarte v. First Nat. Bank of Wauwatosa,* 188 Wis. 455, 206 N. W. 887, 892, 893. In this case, as in the *Wauwatosa Case,* there is no proof "that the bank or any of its officers had engaged in the business of making representations or giving advice on the value of securities. . . . There was no evidence that any such express or implied authority had been conferred on the cashier." As was held in the *Wauwatosa Case,* the fact that proceeds of the sale of this stock were applied upon obligations which the cheese company owed the defendant bank does not render the bank liable for the statements made by its cashier. The statements made by the officers of the bank were in response to inquiries made by prospective customers for the stock. It would be unduly extending the liability of banks to hold them responsible for statements made in response to inquiries as to investments in which the bank had no interest either as owner or as selling agent,—no interest other than that of giving gratuitously such information as the bank possessed.

Lemke v. First Nat. Bank, 190 Wis. 223.

There is no proof that the defendant *Powell* made any statements or representations to the appellant or to his son which induced the appellant to purchase the stock of the cheese company. If either the bank or the defendant *Powell* is liable it must be because of the fact that they had entered the conspiracy which is charged by the appellant. A careful review of the entire proof, which is too voluminous to abstract in this opinion, has satisfied the court that there is no evidence which would warrant a finding by a jury that either the defendant bank or the defendant *Powell* entered into a conspiracy to induce persons by fraudulent means to purchase the stock of the cheese company. The record does not disclose the clear, satisfactory, and convincing proof by which conspiracy must be established. The fact that the bank lost $92,000 through the failure of the cheese company is cogent evidence that it believed and acted upon the statements which it made to others with reference to the affairs of the cheese company. It is apparent from a reading of the record that the bank and its officers, in common with all others who had dealings with the cheese company, placed entirely too much confidence in the honesty and integrity of the younger Simon, who turned out to be a man entirely unworthy of belief and confidence in any way. But the fact that confidence was so sadly misplaced does not establish or tend to establish that the bank or its officers entered into a conspiracy to defraud others.

*By the Court.*—Judgment affirmed.